**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | : |
| | : Chapter 11 |
| **SCUNGIO BORST & ASSOCIATES, LLC,** | : |
| | : Case No. 22-10609 (AMC) |
| Debtor. | : |
| | : |
| **STEPHEN J. SCHERF, SBA PLAN TRUST ADMINISTRATOR OF SBA PLAN TRUST,** | : |
| | : |
| Plaintiff, | : Adversary No. 24-00039 (AMC) |
| | : |
| vs. | : |
| | : |
| **FINANCIAL RESOURCES FEDERAL CREDIT UNION,** | : |
| | : |
| Defendant. | : |

**STIPULATED PROTECTIVE ORDER**

Upon the agreement of Stephen J. Scherf, SBA Plan Trust Administrator (the "Trust Administrator") of the SBA Plan Trust (the "Trust") and Financial Resources Federal Credit Union ("FRFCU") (together, the "Parties" and each individually a "Party"), the Court enters this order governing the confidentiality of certain documents produced in discovery (the "Stipulated Protective Order") as follows:

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties that they, their counsel, and others who shall see certain documents produced in this action (the "Action," and any discovery materials produced in the Action "Discovery Material"), shall be bound by the following terms and conditions:

1

1. **<u>Scope</u>.** This Stipulated Protective Order governs production of all documents containing confidential or proprietary business and/or financial information produced by FRFCU or produced by a third party and containing confidential or proprietary business or financial information of FRFCU during the course of this Action, as well as any other documents which, upon agreement of all counsel, shall be subject to the provisions of this Stipulated Protective Order. (the "Confidential Discovery Material").

2. **<u>Designation of Confidential Discovery Material</u>.** For a document to be subject to the restrictions and provisions of this Stipulated Protective Order, Confidential Discovery Material shall be marked by FRFCU as "Confidential" or designated orally during the course of any proceeding for which a transcript is being prepared. Marking of documents does not conclusively establish the document as Confidential.

3. **<u>Limited Use of Confidential Discovery Material</u>.** Any and all of the Confidential Discovery Material shall be used only by the Trust for the prosecution and/or defense of the Action, and not for any business or other purpose. Under no circumstances other than those specifically provided for in this or a subsequent order of the Court, or other than with the explicit written consent of the Parties, shall Confidential Discovery Material or its contents in any way whatsoever be revealed, disclosed, copied, or otherwise made known to persons other than the following, subject to the further limitations set forth in Paragraph 4, if appropriate:

    (a) Counsel for each of the Parties, including record counsel, in-house counsel, and other outside counsel, and partners, counsel, or associates of counsel, all of whom shall have reviewed the contents of this Stipulated Protective Order prior to reviewing any such documents, and regular and temporary employees of such counsel assisting in the conduct of this Action;

(b) Persons employed by the Trust, whose assistance is deemed necessary by counsel for their review of Confidential Discovery Material, provided that the disclosure of Confidential Discovery Material to any person(s) under this subparagraph shall be made only after counsel desiring to disclose Confidential Discovery Material to such person(s) obtains a signed undertaking in the form of Exhibit A attached hereto from the person, which shall be retained for such subsequent inspection as may be directed by the Court;

(c) The Court, pursuant to Paragraph 5 of this Stipulated Protective Order;

(d) Outside experts or consultants who are not (and shall not during the pendency of this Action become) employees of the Trust, whether or not deposed, but only if such disclosure is necessary for the prosecution or defense of the Action;

(e) To persons with prior knowledge of the Confidential Discovery Material or the information contained therein, but only if disclosure is necessary for the prosecution or defense of the Action, and only such portions of the Confidential Discovery Material to which they had prior knowledge and after the person has been apprised of the fact that the documents are subject to this Stipulated Protective Order and after specifically requesting the person to abide by the terms of this Stipulated Protective Order; however, if the person refuses to expressly abide by its terms and the disclosure to the person is otherwise proper under this subparagraph, the disclosure may nevertheless be made;

      (f)      Non-technical trial consultants such as graphics or design firms retained on behalf of a receiving party for the purpose of preparing demonstrative or other exhibits, including their supporting personnel; and

      (g)      Court reporters and videographers employed in connection with this Action.

4. **Disclosures to Persons with Access.** Each person given access to Confidential Discovery Material pursuant to this Stipulated Protective Order shall be advised by counsel to the Party providing access that the material or information is being disclosed pursuant and subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms thereof.

5. **Use of Confidential Discovery Material.** Either Party may use any Confidential Discovery Material covered by this Stipulated Protective Order in connection with any aspect of the Action. Any Confidential Discovery Material filed with the Court shall be placed under seal in an envelope marked with the caption of this case and the following legend: **"CONFIDENTIAL INFORMATION SEALED PURSUANT TO ORDER OF THE COURT DATED _____"**, and made unavailable to persons other than the Court and persons authorized by this Stipulated Protective Order pursuant to Paragraphs 3 and 4, as applicable.

6. **Inadvertent Disclosure of Confidential Discovery Materials.** The inadvertent or unintentional disclosure by FRFCU or a non-party of Confidential Discovery Materials in this case, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of FRFCU's of confidentiality either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Notification by the producing Party or non-party of such inadvertent disclosure shall constitute a designation with respect to all copies of the documents or other material containing the information

4

as "Confidential". Upon such notice, counsel for the Parties shall cooperate to the extent practicable in restoring the confidentiality of the Confidential Discovery Materials, including production by the designating Party or non-party of a replacement document marked "Confidential" and destruction by the recipient of the original, unmarked document (if applicable).

7. **Continuing Effect.** After the termination of the Action, this Stipulated Protective Order shall continue to be binding upon the Parties and upon all persons to whom Confidential Discovery Material has been disclosed or communicated. This Court shall retain jurisdiction for enforcement of this Stipulated Protective Order.

8. **Nondisclosure.** Counsel for the Trust Administrator shall not use, divulge, disclose, disseminate, discuss, or reveal any material designated in the Action as Confidential Discovery Material to anyone in any other action voluntarily, involuntarily, or in response to any subpoena other than a subpoena issued by a governmental authority, unless and until such time as a Protective Order is executed by those counsel to whom said Confidential Discovery Material is to be provided in that other action and is entered by a Court of competent jurisdiction or an order is issued by another Court of competent jurisdiction to disclose the Confidential Discovery Material without the execution of an additional protective order. In addition, FRFCU shall be given ten (10) calendar days' written notice, a copy of the proposed protective order, subpoena, or other order, if received, and a reasonable opportunity to oppose and/or object to said disclosure.

9. **No Admission or Inferences.** Acceptance of material designated as Confidential Discovery Materials from FRFCU or a third party shall not constitute an admission or create an inference that the material is, in fact, confidential within the meaning of the Federal Rules of Civil Procedure. This Stipulated Protective Order shall not foreclose the Trust Administrator from

5

moving for an order that materials designated Confidential Discovery Materials are not confidential within the meaning of the Federal Rules of Civil Procedure.

10. **Availability of Other Relief.** This Stipulated Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders or seeking other relief related to the provisions in this Stipulated Protective Order.

11. **Choice of Forum.** Unless and until such time as an order or ruling is entered addressing confidentiality in another action by a court of competent jurisdiction, all issues related to this Stipulated Protective Order requiring adjudication or Court intervention in any way related to the use, discovery, divulgence, dissemination, and/or access to Confidential Discovery Material shall be brought exclusively before this Court, regardless of the forum in which such issues arise.

12. **Venue/Jurisdiction.** The Parties consent to venue and jurisdiction in the above-captioned Court, in the Bankruptcy Court for the Eastern District of Pennsylvania, with regard to any proceedings to enforce the terms of this Stipulated Protective Order.

13. **Notice.** Any notice to a producing person required to be given under this Stipulated Protective Order shall be provided by email and, in the absence of acknowledgment of receipt of such email, postal delivery as follows: (a) where the producing person is a Party, to the undersigned counsel for the producing person; (b) where the producing person is a non-party, to the producing person or their designated representative.

14. **Order.** The Court may enter any order consistent with this Stipulated Protective Order. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Stipulated Protective Order or to modify this Stipulated Protective Order at any time in the interest of justice.

BY THE COURT:

_____
The Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

THE PARTIES BELOW, AND EACH OF THEM, INTENDING TO BE MUTUALLY BOUND, DO SET THER HANDS UPON THIS ORDER ON THE DATES INDICATED BELOW AND CONSENT TO THE RELIEF PROVIDED FOR HEREIN.

By: */s/ Edmond M. George*
Edmond M. George, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102-2101
Telephone: (215) 665-3066

*Counsel to Plaintiff Stephen J. Scherf, the SBA Plan Trust Administrator of the SBA Plan Trust*

Dated: September 20, 2024

By: */s/ Rebecca K. McDowell*
Rebecca K. McDowell, Esquire
SALDUTTI LAW GROUP
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (610) 994-1137

*Counsel to Defendant Financial Resources Federal Credit Union*

Dated: September 20, 2024